CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Dennis Price, Esq., SBN 279082
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Phone: (858) 375-7385
Fax: (888) 422-5191
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK RUSSELL<br><br>         Plaintiff,<br><br>     v.<br><br>MARRIOTT INTERNATIONAL INC.; INTERSTATE MANAGEMENT COMPANY, L.L.C.; and Does 1-10, Inclusive,<br><br>         Defendants. | Case No.<br><br>**Complaint for Injunctive Relief and Damages for Violations of**:<br><br>1. Title III of the American's With Disabilities Act, 42 U.S.C. §12182 *et seq*.;<br>2. California's Unruh Civil Rights Act, Cal. Civ. Code 51 *et seq*. and<br>3. California's Disabled Persons Act, Cal. Civ. Code § 54.1 *et seq*. |

Plaintiff Mark Russell ("Plaintiff") complains of Defendants Marriott International, Inc., Interstate Management Company, L.L.C. and Does 1-10, Inclusive, (collectively "Defendants") and alleges as follows:

# I. INTRODUCTION

1. The Americans with Disabilities Act ("ADA") was passed over two decades ago with a principal goal of integrating people with disabilities into the country's economic and social life. 42 U.S.C. § 12101(a). Despite this long-standing mandate, Defendants have failed to ensure that individuals with disabilities have full and equal access to the goods, services, facilities, privileges, advantages, accommodations, and/or opportunities offered to members of the public through the Residence Inn Bakersfield.

2. Plaintiff alleges that Defendants' policies and practices for the reservation of accessible hotel rooms discriminate against him as an individual with disabilities.

3. As the direct and proximate result of Defendants' discriminatory policies and practices, Plaintiff has suffered, and will continue to suffer damages.

4. As the direct and proximate result of Defendants' discriminatory policies and practices, Plaintiff has been, and will continue to be, precluded and deterred from fully and equally accessing and using the goods, services, facilities, privileges, advantages, accommodations, and/or opportunities of the Inn.

5. Through this action, Plaintiff seeks an injunction requiring Defendants to modify their policies to conform to the requirements of federal and state law. Plaintiff also seeks to be compensated for his damages and the reasonable attorneys' fees, costs and litigation expenses incurred for enforcing his civil rights.

# II. PARTIES

6. Plaintiff is, and at all times relevant herein was, an individual and California resident.

7. Defendant Marriott International, Inc. (hereinafter "Marriott") is, and at all times relevant herein was, a corporation incorporated in the State of Delaware and registered to do business in the State of California.

8. Defendant Interstate Management Company, L.L.C. (hereinafter "IMC") is, and at all times relevant herein was, a limited liability company incorporated in the State of Delaware and registered to do business in the State of California.

9. Plaintiff is currently unaware of the true identities of Does 1-10, inclusive, and will seek leave to amend his Complaint when the true names, capacities, connections, and responsibilities of these defendants are ascertained.

10. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

### III.   JURISDICTION & VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the

ADA.

12. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are brought under California law, including, the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*. and the Disabled Persons Act, Cal. Civ. Code § 54.1 et seq., both of which expressly incorporate the Americans with Disabilities Act. Cal. Civ. Code §§ 51(f), 54.1(d).

13. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

## IV.   FACTUAL ALLEGATIONS

14. Plaintiff has peripheral neuropathy in both legs, which substantially limits his mobility and ability to balance.

15. Plaintiff is also hard of hearing, and experiences difficulty conducting business by phone.

16. Marriott owns, operates and/or leases the facilities of the Residence Inn Bakersfield, located at 4241 Chester Lane in the City of Bakersfield, California, 93309 (hereinafter "the Inn").

17. Marriott owns, operates and/or controls the content of the website located at the following web address:  https://www.marriott.com (hereinafter "the Website").

18. Members of the public are able to make reservations for Marriot-branded hotels, including the Inn, using the online reservation system on the Website.

19. IMC owns, operates and/or leases the facilities of the Inn.

20. IMC owns, operates and/or controls the content of the Website.

21. On December 5, 2019, Plaintiff made a reservation to stay at the Inn from December 6, 2019 through December 8, 2019 using the online reservation system on the Website.

22. Plaintiff chose to make his reservation at the Inn specifically because the online reservation system showed that a hearing and mobility accessible room with a roll-in shower was available.

23. Plaintiff requested a hearing and mobility accessible room with a roll-in shower.

24. Plaintiff received a written reservation confirmation via email that "guaranteed" he would be provided a hearing and mobility accessible room with a roll-in shower.

25. On December 6, 2019, Plaintiff arrived at the Inn. Despite his reservation and "guaranteed" accommodations, Plaintiff was booked into a room *without* a roll-in shower.

26. Plaintiff was told by Inn staff that there were no more walk-in showers available.

27. Plaintiff explained to Inn staff that he was unable to safely use a tub shower due to his disability and expressed his dismay that the Inn couldn't accommodate him despite his booking confirmation and guarantee.

28. Plaintiff was told by Inn staff that he could call down to the front desk the following day and request to be moved to a room with a walk-in shower, assuming any were available.

29. As Plaintiff was tired from driving all day and not physically up to driving around Bakersfield to try and find alternative hotel arrangements, he reluctantly accepted the room without a roll-in shower for the night.

30. Plaintiff was not able to safely use the tub/shower unit in his room at the Inn. This caused Plaintiff difficulty, discomfort, embarrassment and frustration.

31. The next day Plaintiff called down and requested a room change. Plaintiff had to wait until after midday checkouts and room cleanings before being moved to another room that did have a walk-in shower. The delay and inconvenience caused Plaintiff difficulty, discomfort, embarrassment and frustration.

32. Plaintiff submitted a negative review via the Marriott website which Defendants have refused to post.

33. Defendants responded privately via email to Plaintiff's review and blamed Plaintiff for his experience.

34. Defendants told Plaintiff that *in addition* to booking his room online he should have called the Inn directly to confirm that they could accommodate his disability-related needs.

35. Defendants told Plaintiff that since he booked his room on the same day as his check in (which is untrue) there was no way for the Inn to accommodate his disability-related needs.

36. Plaintiff travels frequently and wants the ability to book accessible rooms at the Inn and other Marriott-branded hotels independently online through Defendants' websites in the future. Until Defendants' discriminatory ticketing policies and practices are modified, Plaintiff will continue to be denied full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered by Defendants to the general public through their websites and at the Inn and will suffer ongoing discrimination and damages as a result.

37. The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff.

38. Plaintiff has no adequate remedy at law because monetary damages, which may compensate for past unlawful conduct, will not afford

adequate relief for the harm caused by the continuation of the wrongful conduct of Defendants and the denial of his rights as herein alleged. Accordingly, Plaintiff is entitled to injunctive relief.

## FIRST CAUSE OF ACTION
## Title III of the Americans with Disabilities Act
## 42 U.S.C. § 12182 *et seq*.

39. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

40. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

41. Plaintiff is a person with physical impairments that substantially limit his mobility and sensory disabilities that substantially limit his hearing and is therefore a person with a "disability" as that term is defined by the ADA. 42 U.S.C. § 12102(1).

42. A place of "public accommodation" for purposes of Title III of the ADA includes are "an inn, hotel, motel, or other place of lodging." 42 U.S.C. § 12181(7)(A).

43. Defendants are private entities.

44. Defendants own and operate the Inn.

45. Defendants provide room reservations for the Inn to members of the public directly through its website.

46. Defendants' acts and omissions, as herein alleged, have discriminated against Plaintiff on the basis of his disability in violation of Title

III of the ADA. Defendants' discriminatory conduct includes, *inter alia*:

    a. Directly, or through contractual, licensing, or other arrangements, excluding or denying Plaintiff goods, services, facilities, privileges, advantages, accommodations, and/or opportunities, on the basis of his disability (42 U.S.C. § 12182(b)(1)(A)(i));

    b. Providing Plaintiff goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

    c. Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of his disability (42 U.S.C. § 12182(b)(1)(D));

    d. Failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (42 U.S.C. § 12182(b)(2)(A)(ii));

    e. Failing to modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms (28 C.F.R. § 36.302(e)(1)(i));

    f. Failing to ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type (28 C.F.R. § 36.302(e)(1)(iii));

8

Complaint

g. Failing to reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems (28 C.F.R. § 36.302(e)(1)(iv)); and

h. Failing to guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others. (28 C.F.R. § 36.302(e)(1)(v).

47. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
## Unruh Civil Rights Act
## Cal. Civ. Code § 51 *et seq.*

48. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

49. The Unruh Civil Rights Act ("Unruh Act") guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

50. A violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

51. Plaintiff is a person with physical impairments that limit his mobility and sensory disabilities that limit his hearing is therefore a person with a "physical disability" as that term is defined by California law. Cal.

Gov. Code § 12926(m).

52. The Inn is a business establishment as contemplated by the Unruh Act. Defendants, as the owners and operators of the Inn, are obligated to comply with the anti-discrimination provisions of the Act.

53. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, *inter alia*, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered by and through the Inn.

54. Defendants' acts and omissions, as herein alleged, have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA (see Plaintiff's First Cause of Action).

55. Defendants' duties under the Unruh Act are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference. Treble damages are warranted.

56. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

**THIRD CAUSE OF ACTION**
**California Disabled Persons Act**
**California Civil Code § 54.1 et seq.**
*(For Damages and Attorneys' Fees ONLY)*

57. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

58. The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of

the general public, to accommodations, advantages, facilities, … and privileges of all … places of public accommodation, amusement, or resort, and other places to which the general public is invited…." Cal. Civ. Code § 54.1(a).

59. A violation of the ADA is also a violation of the CDPA. Cal. Civ. Code, § 54.1(d).

60. Any person or persons, firm or corporation who denies or interferes with an individual's rights under Section 54.1 is liable for each offense. Cal. Civ. Code §54.3(a).

61. Defendants are obligated to comply with the provisions of the CDPA in operating the Inn. The Inn is a place of public accommodation, amusement, or resort, and/or place to which the general public is invited.

62. Defendants' acts and omissions, as herein alleged, have violated the CDPA by, *inter alia*, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal access to the accommodations, advantages, facilities and privileges of the Inn.

63. Defendants' acts and omissions, as herein alleged, have also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the ADA (see Plaintiff's First Cause of Action).

64. Defendants are "corporations" subject to California Civil Code section 54.3.

65. Defendants' duties under the CDPA are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference. Treble damages are warranted.

66. Pursuant to the remedies, procedures, and rights set forth in Cal.

Complaint

Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a). *Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the CDPA.*

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Issue a permanent injunction pursuant to the ADA and Unruh Act ordering Defendants to modify their policies and practices to conform to the requirements of the ADA and Unruh Act, and ensure that Plaintiff will no longer experience discrimination on the basis of disability when trying to book accessible rooms for the Inn online using the Website;

b. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

c. Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and

d. Award such other and further relief as the Court may deem just and proper.

Dated: February 19, 2020          CENTER FOR DISABILITY ACCESS

By: _____
     Amanda Seabock
     Attorneys for Plaintiff